IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHON MARSH,                          :
                                        :
       Petitioner              :
                                        :
  v.                                    :   CIVIL NO. 4:CV-13-1887
                                        :
SCI-CHESTER,                            :   (Judge Brann)
                                        :
       Respondent              :

## MEMORANDUM

April 14, 2015

**Background**

This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed by Stephon Marsh, an inmate presently confined at the State Correctional Institution, Chester, Pennsylvania, (SCI-Chester). Marsh has been granted leave to proceed in forma pauperis. Service of the Petition was previously ordered.

Petitioner entered a guilty plea to a burglary charge in the Court of Common Pleas of Fulton County, Pennsylvania.[1] On January 12, 2012, the Petitioner was sentenced to a sixteen (16) to sixty (60) month term of

---

[1] Additional criminal counts filed against the Petitioner were withdrawn as part of his guilty plea.

confinement. The parties acknowledge that Marsh did not file a direct appeal or seek collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2]

Petitioner claims entitlement to federal habeas corpus relief on the grounds that: (1) an "illegal sentence" was imposed because "I should not have gotten more then 4 years as my backtime." and (2) ineffective assistance of counsel Doc. 1, ¶ 12, Ground One. With respect to ineffective assistance argument, Petitioner vaguely states "I started with one public defender who was running for judge and when I got sentenced I had another public defender who knew nothing about my case he only saw me for 15 minutes when I went back to county." Id. at Ground Two. As relief, Marsh asks that his sentence be reduced from five (5) years to (3) years (60 months to 36 months). See id. at p. 15.

Respondent seeks dismissal of Petitioner's action on the grounds that: (1) it is untimely filed; (2) Petitioner failed to exhaust his state court remedies; and (3) the claims for relief do not establish an unreasonable application of clearly established federal law. See Doc. 12, p. 4.

---

[2] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

**Discussion**

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. See Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).   More recently, in Suggs v. Bureau of Prisons, Civil No. 08-3613, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

**Timeliness**

Respondent initially asserts that since a direct appeal was not filed and there is no basis for equitable tolling, Marsh petition is untimely because it was not filed within one year of the expiration of the period for direct review in state court.  See Doc. 12, p. 6.  Although granted an opportunity to do so, Petitioner has not filed a reply addressing the untimeliness argument.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

>>limitation period shall run from the latest of -
>>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d. 153, 159 (3d Cir. 1999), citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Marsh's pending § 2254 petition is dated July 4, 2013, and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's

4

action is deemed filed at the time it is given to prison officials for mailing to the Court.

It is undisputed that Petitioner's sentence was imposed on January 12, 2012. Under Pennsylvania state law, Marsh had thirty (30) days after imposition of the sentence in which to file a direct appeal. Pa. R. Crim. P. 720(A)(3). Petition states that he did not pursue a direct appeal. See Doc. 1, ¶ 8. Respondent concurs that no direct appeal was filed. Hence, Petitioner's conviction became final for purposes of § 2244(d) and the one (1) year limitations period began to run on February 12, 2012 when the thirty day period for Marsh to file a direct appeal expired.

Marsh likewise acknowledges that he did not seek PCRA relief. See id. at ¶ 10. The Respondent also agrees that no relief was sought under the PCRA. See Doc. 12, p. 2. It is also noted that Petitioner's pending arguments are not based a newly recognized constitutional right which the United States Supreme Court has made retroactively applicable. See § 2244(d)(1)(C). Moreover, the factual predicate of Marsh's pending claims was discoverable at the time his sentence was imposed. See id. at (D). There is also no indication that any State action impeded Petitioner's ability to seek federal habeas corpus relief. Based upon the above undisputed factors, there is no basis for statutory tolling. Since this action was not initiated until July 4, 2013, more than sixteen (16) months after the February 12,

2012 expiration of the direct appeal period, it is clearly untimely.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could

establish that Marsh's acknowledged failure to timely pursue his pending federal claims in state court was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant. Pursuant to the above discussion, a viable basis for a finding of equitable tolling has not been established.

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration.

**Exhaustion**

Respondent's second argument contends that the Petition is equally subject to dismissal because Marsh failed to exhaust his state court remedies with respect to his pending claims. See Doc. 12, p. 7.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state

process ineffective.[3] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that

---

[3] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847.  The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.  See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts.  Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted.  Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).  The exhaustion requirement is satisfied if the petitioner's claims are presented  through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding.  Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on

9

the ground of futility.  See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993).  Such a claim is procedurally defaulted, not unexhausted.  A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Beard v. Kindle, 558 U.S. 53, 55 (2009).  Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

 As previously discussed, Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that an illegal sentence was imposed because and he received ineffective assistance of counsel.  Given Marsh's admission that he did not file a direct appeal and did not seek relief under the PCRA, his pending claims are clearly unexhausted.

 Furthermore, Petitioner admits that he has made no attempt whatsoever to present any of his pending claims to the Pennsylvania state courts.  There is a potential that any such attempt by Petitioner to seek relief would be rejected by the state courts.  However, this Court cannot anticipate what disposition would be undertaken by the Pennsylvania state courts and the exhaustion requirement serves the  interests of comity between the federal and state systems by allowing the state

courts an initial opportunity to determine and correct any violations of Marsh's federal rights.  <u>Gibson</u>, 805 F.2d at 138.  Based upon those considerations, this Court agrees with Respondent's unopposed argument that the Petition is also subject to dismissal on the basis of non-exhaustion of state remedies.

In conclusion, since the Petition is untimely and Marsh failed to exhaust his state court remedies, this matter will be dismissed.  An appropriate Order will enter.

BY THE COURT:

<u>  s/ Matthew W. Brann  </u>
Matthew W. Brann
United States District Judge